# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RIVAS HERNANDEZ,<br><br>        Petitioner,<br> v.<br>LORETTA E. LYNCH, U.S. Attorney General; et al.,<br><br>        Respondents. | CASE NO. 15-cv-1717-WQH-BGS<br><br>ORDER |

HAYES, Judge:

  The matters before the Court are the Petition for Writ of Habeas Corpus (ECF No. 1) and the Amended Petition for Writ of Habeas Corpus (ECF No. 32) Corpus filed by Petitioner Pedro Rivas Hernandez ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 32).

**I. Background**

  Petitioner is a Mexican national who entered the United States in 1985. (ECF No. 1). Petitioner's wife is a lawful permanent resident and they have two children who are citizens of the United States. *Id.* In 1988, Petitioner applied as a Special Agricultural Worker under the Immigration Reform and Control Act of 1986. *Id.* at 12. His application was denied on September 12, 2002. *Id.*

  In 2007, the U.S. Immigration Customs Enforcement ("ICE") agency arrested Petitioner. *Id.* at 3. On April 24, 2007, Petitioner was placed in removal proceedings. (ECF No. 4 at 2). On May 16, 2007, an Immigration Judge ("IJ") ordered Petitioner

1  removed. *Id*. Petitioner was removed on May 23, 2007. *Id*.

2        Petitioner unlawfully re-entered the United States and was removed four times under a reinstatement of the May 16, 2007 removal order. (ECF No. 4-1 at 10). In November 2013, Petitioner re-entered the United States and, on November 13, 2013, Petitioner was taken into custody at Imperial County Jail. (ECF No. 1 at 13). On November 15, 2013, Petitioner filed an Emergency Stay of Deportation with the Ninth Circuit, case no. 13-73976, obtaining an automatic temporary stay of removal. (ECF No. 4 at 2; ECF No. 4-1 at 2-5).

      On January 3, 2014, ICE interviewed Petitioner. (ECF No. 1 at 13). ICE processed Petitioner for reinstatement of removal. *Id*. at 25. On April 14, 2014, Petitioner was interviewed by an asylum officer who found a positive reasonable fear and issued a Form I-863 to place Petitioner in withholding-only proceedings before an IJ. *Id*. at 13; ECF No.5-3 at 2 (Form 1-863).

      In July 2014, Petitioner applied for a bond redetermination hearing pursuant to *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013). (ECF No. 1 at 15). On September 19, 2014, after continuances, an IJ held the bond redetermination hearing "under the rule in Rodriguez." (ECF No. 4-1 at 8). On September 22, 2014, the Ninth Circuit dismissed Petitioner's appeal, case no. 13-73976, for lack of subject matter jurisdiction. *Id*. at 5. On September 22, 2014, an IJ denied Petitioner's application for asylum relief. *Id*. at 6.

      On October 29, 2014, an IJ issued a written decision denying Petitioner's request for release on bond. (ECF No. 4-1). The IJ found that the Department of Homeland Security had established, by clear and convincing evidence, that "the respondent [is] both a danger and a flight risk." *Id*. at 8. On January 23, 2015, the BIA dismissed Petitioner's appeal of the IJ's decision to deny bond. (ECF No 4 at 3). The BIA stated, "Because we affirm the Immigration Judge on the issue of flight risk, we need not address his conclusion that the respondent is also a danger to the community." (ECF No. 4-1 at 19).

On March 4, 2015, the BIA upheld the IJ's decision to deny Petitioner's application for asylum relief and dismissed Petitioner's appeal. *Id*. at 26. On March 13, 2015, the temporary stay in case no. 13-73976 terminated. *Id*. at 5. On March 30, 2015, Petitioner appealed the denial of his asylum relief to the Ninth Circuit, case no. 15-70966, obtaining an automatic stay of removal. (Case No. 15-70966, ECF No. 1).

On August 3, 2015, Petitioner filed the Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241. (ECF No. 1). Petitioner contended that he is entitled to a writ of habeas corpus because he had been unreasonably detained pending the outcome of his challenges to his removal order. *Id*. at 26. Petitioner contended that Respondents violated his due process rights by failing to provide him a bond hearing pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008). *Id*. at 25. Petitioner also contended that his *Rodriguez* bond hearing was procedurally deficient and violated his due process rights. (ECF No. 5-1 at 2). Petitioner requested that the Court order Respondents to release him from custody or, alternatively, direct the Respondents to provide a *Casas* bond hearing with a different IJ than the one that presided at the 2014 bond hearing. (ECF No. 5 at 6). On September 8, 2015, Respondents filed the Return to Petition for Writ of Habeas Corpus. (ECF No. 4).

On September 16, 2015, the Ninth Circuit filed an order referring Petitioner's case no. 15-70966 to the "circuit mediator for determination of whether petition may be eligible for an I-601A waiver and to explore possible settlement options." (ECF No. 5-5 at 2).[1]

On October 15, 2015, this Court held a hearing. (ECF No. 11). Counsel for Respondents stated, "A *Casas* hearing is really no different than a *Rodriguez* hearing, as far as the burden and the standard, but if [Petitioner] would request one, a *Casas* hearing, because he now has a petition for review pending, he would get one, so right

---

[1] Petitioner's review before the Ninth Circuit is currently pending. A mediation conference was initially scheduled for February 23, 2016. That conference was rescheduled to May 16, 2017. There is a further conference scheduled for August 4, 2016 as well as a pending briefing schedule. *See Hernandez v. Loretta E. Lynch*, No. 15-70966.

now it doesn't have to be ordered by the Court." (ECF No. 12 at 9-10). After the hearing, the Court stayed Petitioner's writ of habeas corpus and ordered the parties to submit a report regarding the status of Petitioner's request for a new bond hearing. (ECF No. 13).

On November 20, 2015, Petitioner received a second bond hearing before an IJ. (ECF No. 20-1 at 2 ). The IJ denied a change in Petition's custody status finding that petitioner was a danger to the community and posed a flight risk. *Id*; ECF No. 29-1 at 6-19. On December 21, 2015, Petitioner appealed to the BIA. On April 15, 2016, the BIA issued its bond decision upholding the IJ's bond determination. (ECF No. 29-1 at 3-5).

On May 16, 2016, Petitioner amended his habeas petition. (ECF No. 32). On May 31, 2016, Respondents filed a return. (ECF No. 34). On June 8, 2016, Petitioner filed a traverse. (ECF No. 36).

**II. Standard of Review**

A federal court may grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court reviews bond hearing determination for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).

**III. Discussion**

Petitioner contends that he is entitled to a writ of habeas corpus because he has been unreasonably detained pending the outcome of his challenges to his removal order. (ECF No. 32 at 18). Petitioner contends that Respondents have violated his due process rights because the evidence presented at the bond hearing cannot support the IJ's finding that the government met its burden of clear and convincing evidence that Petitioner is a danger to the community and a flight risk. Petitioner contends that the IJ "abused his discretion" by giving too much weight to his past DUI convictions in determining that he poses a danger to the community. *Id*. at 20. Petitioner contends

that there is "not one *smidgen* of possibility" that Respondent would be a flight risk. *Id*. at 32. Petitioner contends that his continued detention without bond also violates the Excessive Bail Clause of the Eighth Amendment. *Id*. at 25. Petitioner requests that the Court grant his petition for a writ of habeas corpus and order his release on his own recognizance or upon reasonable bail. *Id*. at 36. Alternatively, Petitioner requests that the Court order an evidentiary hearing to determine whether "the Government's contentions that [Petitioner] is a *flight risk* or *danger* to the community has '*sufficiently strong justification*' to continue his already prolonged and unlawful detention." (ECF No. 36 at 28).

Respondents contend that Petitioner's bond hearing was constitutionally sound. Respondents contend that the IJ's "discretionary weighing process" is not subject to habeas review. (ECF No. 34 at 1).

The Ninth Circuit Court of Appeals has held that aliens facing prolonged detentions after their removal order becomes administratively final, but while their review petition is pending, are entitled to a bond hearing before a neutral immigration judge. *Casas-Castrillon*, 535 F.3d at 950. In a bond hearing, "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond . . . ." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). "[I]n considering whether the government has proven dangerousness, IJs should consider the factors identified in *In re Guerra*, 24 I. & N. Dec. 37 (B.I.A.2006), which include the extensiveness of an alien's criminal record, the recency of his criminal activity, and the seriousness of his offenses." *Rodriguez v. Robbins*, 715 F.3d 1127, 1135 (9th Cir. 2013). "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations. The Immigration Judge may choose to give greater weight to one factor over others, as long as the decision is reasonable." *In Re Guerra*, 24 I. & N. Dec. at 40. "The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien

or the Service." 8 C.F.R. § 1003.19(d).

In determining whether Petitioner was entitled to bond, the IJ looked at several factors including Petitioner's criminal record. The IJ focused on Petitioner's three DUI convictions from 2001, 2004, and 2012, which Petitioner conceded had occurred.[2] The IJ considered the seriousness of Petitioner's crimes, their frequency, and their recency. The IJ found that "there is a present danger reflected in the facts of this record based on the respondent's recidivist record as an individual who was willing to engage in conduct of driving under the influence or that he was unable to refrain from the conduct of driving under the influence." (ECF No. 29-1 at 10). The IJ noted that "repeated driving under the influence is a dangerous conduct." *Id*. at 12. The IJ also noted that Petitioner had several other convictions, including receiving stolen property in 1991, taking a vehicle without the owner's consent, prostitution in 2004, theft, and a failure to appear on the theft charge in 2005. *Id*. at 9. On appeal, the BIA upheld the IJ's determination, noting that one of the DUI's occurred "as recently as 2012." *Id*. at 4. The BIA concluded that the IJ "properly found that the respondent's recidivist record of DUI renders him a danger to the community." Both the IJ and the BIA noted Petitioner's rehabilitation efforts, including his attendance at Alcoholics Anonymous meetings. The IJ found that it could not release Petitioner based on those improvement, which "perhaps make [him] less of a danger than at his prior bond hearing," because under Board of Immigration Appeals precedent "a lesser degree of dangerousness does not merit release." *Id*. at 15; *see also Matter of Urena*, 25 I. & N. Dec. 140, 141 (BIA 2009) ("An Immigration Judge should only set a bond if he first determines that the alien does not present a danger to the community.").

The IJ also determined that Petitioner was a "flight risk," finding

> the respondent's length of detention, the presence of his family members,

---

[2] Petitioner contends that Respondents did not prove that Petitioner was a danger to the community by clear and convincing evidence because Respondents only presented a RAP sheet, not certified records. However, Petitioner also conceded that he had been convicted three times. *See* ECF No. 29-1 at 10. The IJ and the BIA did not err in considering Petitioner's convictions.

> the prospect of employment, the approval of the visa petition, which does not provide a path of adjustment until the respondent stays out of the United States for ten years, and the respondent's very recent attempts at bettering himself through AA, anger management and the primary and secondary classes do not outweigh the lengthy and insistent record that the respondent produced showing his lack of respect for the immigration law of this country and his refusal to abide by the orders in his own case.

(ECF No. 29-1 at 17-18). The IJ considered alternatives to detention, but found that the Board of Immigration Appeals precedent indicates that where there is a finding of danger to the community, "the respondent shall not be released from custody." *Id*. at 16.

The Court concludes that the IJ was within his discretionary authority in concluding that the government had shown, by clear and convincing evidence, that Petitioner was a danger to the community and a flight risk. The IJ considered the relevant factors and applied the correct legal standard.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) and the Amended Petition for Writ of Habeas Corpus (ECF No. 32) are denied. The Clerk of court shall close the case.

DATED: June 20, 2016

**WILLIAM Q. HAYES**
United States District Judge